IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MALIBU MEDIA, LLC | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JOHN DOE subscriber assigned | : | |
| IP address 69.249.253.94 | : | NO. 14-1280 |

ORDER

AND NOW, this 19th day of May, 2014, upon consideration of defendant John Doe's motion to dismiss and/or sever complaint and quash the subpoena (docket entry # 6), Malibu Media's memorandum in opposition thereto (docket entry # 7) and John Doe's reply (docket entry # 8), and the Court finding that:

(a) John Doe, appearing pro se, seeks dismissal of Malibu Media's complaint alleging that from September 2, 2013 to February 9, 2014, the defendant illegally downloaded fourteen of Malibu Media's copyrighted works, MTD at 1, see also Compl. Ex. A;[1]

(b) John Doe also seeks to quash Malibu Media's subpoena because he claims (without citing evidence) that other defendants have allegedly suffered "bullying tactics" to pay settlements, whether or not those defendants committed the alleged infringement, MTD at 2;

(c) The defendant also moves to proceed anonymously, id., and as Malibu Media does not oppose this motion, Mem. in Opp. at 9, we will therefore grant it, for the time

---

[1] Malibu Media's forensic investigation of the IP address at issue also found that it had been "engaged in BitTorrent transactions associated with 755 files" in the relevant period. Mot. for subpoena, Ex. 4 at ¶ 17.

being;[2]

        (d)    In support of the motion to dismiss, the defendant raises five arguments: (1) the person using the device connected to the internet may not be the one to whom the IP address (here, 69.249.253.94) is registered; (2) the Media Access Control ("MAC") address on the wireless router connected to the internet does not indicate who accessed the internet at any given time; (3) because the MAC address does not indicate <u>who</u> used it, its use to identify wrongdoers "introduces an unacceptable degree of uncertainty"; (4) improper venue, because the plaintiff's geographic location software shows only where the infringing IP address is, not how that software can establish the defendant's identity; and (5) Malibu's investigator, Tobias Fieser, is not licensed for private detective work, in potential violation of Pennsylvania's Private Detective Act of 1953, MTD at 2;

        (e)    Plaintiff Malibu Media argues that its complaint states a plausible claim and therefore survives a motion to dismiss, Mem. in Opp. at 8, and we agree;

        (f)    As the Supreme Court held in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) and <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009), in order to survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'," <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 570),

---

[2] Rule 10(a), which requires parties to a lawsuit to identify themselves, codifies a bedrock principle in our jurisprudence that "judicial proceedings, civil as well as criminal, are to be conducted in public. . . .  The people have a right to know who is using their courts." <u>Doe v. Megless</u>, 654 F.3d 404, 408 (3d Cir. 2011) (internal quotations omitted).  A party may proceed anonymously under exceptional cases by showing both a fear of severe harm and that the fear of severe harm is reasonable.  <u>Id.</u>; <u>see</u> <u>also</u> <u>Malibu Media v. John Does 1-15</u>, 2012 WL 3517374 at *2 (E.D.Pa. Aug. 13, 2012) (holding that the risk of suffering embarrassment or humiliation does not place disclosure within the exceptional situations warranting anonymity).

and we find that we find that Malibu Media's claim is plausible because it has pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Iqbal, 556 U.S. at 678;

       (g)    Our Court of Appeals requires district courts considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6) to engage in a two-part analysis:

> First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief'[,]

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009);

       (h)    In deciding a motion to dismiss, all well-pleaded allegations of the complaint must be taken as true and interpreted in the light most favorable to the plaintiff, and all inferences must be drawn in its favor, see McTernan v. City of York, PA, 577 F.3d 521, 526 (3d Cir. 2009) (internal quotation marks omitted);

       (i)    The arguments that John Doe raises concerning the link between the actual infringer and the IP address or MAC address do not undermine the plausibility of Malibu Media's claim or defeat that claim as a matter of law -- rather, John Doe raises factual issues about identity more properly dealt with during discovery;

       (j)    As to John Doe's contention that venue is improper, the governing venue statute in copyright actions provides in relevant part that "Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights or exclusive rights in mask works or designs may be instituted in the district in which the defendant or his agent resides or may be found," see 28 U.S.C. § 1400;

(k) Under this statute, "a defendant 'may be found' wherever he is amenable to personal jurisdiction," Donner v. Tams-Witmark Music Library, Inc., 480 F. Supp. 1229, 1234 (E.D.Pa. 1979) (Becker, J.), and Malibu Media has made a prima facie showing of personal jurisdiction by alleging its geolocation software places the defendant within this district, see Complt. at ¶¶ 5, 7;

(l) As to John Doe's contention that Malibu Media's investigator is not licensed for private detective work and may be in violation of Pennsylvania's Private Detective Act of 1953, 22 Pa. C.S. Ch.3, Malibu Media urges that we find that the Act does not apply to an out-of-state investigator as here, where the investigator and the company for which he works are in Germany, Mem. in Opp. at 9, see also Capitol Records Inc. v. Thomas-Rasset, 2009 WL 1664468 at *2 (D.Minn. June 11, 2009) and Arista Records LLC v. Does 1-27, 584 F.Supp. 240, 257 (D.Me. 2008);

(m) We find Capitol Records persuasive, where, as here, the remote investigator merely monitored incoming traffic sent from defendant's computer and had no presence within the jurisdiction, see 2009 WL 1664468 at *2, and accordingly find no reason to dismiss Malibu Media's complaint on this basis;

(n) Turning to John Doe's motion to quash the subpoena, Malibu Media first disputes that it has engaged in improper litigation tactics and contends that identifying John Doe and other online infringers is necessary to proceed in its copyright infringement suit and protect its business,  Mem. in Opp. at 2, 3;

(o) Malibu Media further argues that John Doe does not fall within the circumstances under which Rule 45 either requires or permits a subpoena to be quashed or

modified, id. at 4, 5; see also Fed.R.Civ.P. 45(c)(3)(A) and (B);

        (p)     Rule 45(c)(3)(A) provides that a subpoena must be quashed or modified when it (1) fails to allow a reasonable time to comply; (2) requires a non-party to travel more than 100 miles (except for trial within the state); (3) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (4) subjects a person to undue burden, Fed.R.Civ.P. 45(c)(3)(A), none of which John Doe has offered as a reason to quash Malibu Media's subpoena;

        (q)     Rule 45(c)(3)(B) provides that a court may modify or quash a subpoena if it requires "disclosing a trade secret or other confidential research, development, or commercial information" or disclosing certain expert opinions, Fed.R.Civ.P. 45(c)(3)(B);

        (r)     The reasons John Doe puts forward -- Malibu Media's alleged "bullying tactics" and the defendant's need to "protect [himself] from also becoming a victim" -- do not fall within the Rule 45 requirements and are merely general denials of liability that are not a basis for quashing a subpoena and preventing the plaintiff from obtaining identifying information that is integral to its suit; and

        (s)     As our sister court held,

> To the extent that these arguments may be grouped to reflect the contention that the subpoenas will release the true identity of the Defendant[](thus causing reputational harm and embarrassment), this Court finds such reasoning unpersuasive. . . . Defendants' have not set forth an argument that their identity is otherwise privileged or a protected matter. To the extent that these arguments may be grouped to reflect the contention that the IP address cannot indicate which person was allegedly sitting behind the computer when Plaintiff's video was downloaded, this reasoning is also unconvincing. . . . Judge Baylson . . . stated that "although the disclosure of subscriber information may not reveal the actual infringers in these cases, it may nevertheless allow

    Plaintiff to identify the actual infringers." This Court adopts the
    reasoning of Judge Baylson and finds no persuasive arguments to
    deny the Motions to Quash[,]

<u>Malibu Media, LLC v. John Does 1-23</u>, 2013 WL 1389763 at *2 (E.D.Pa. Apr. 3, 2013) (Perkin, M.J.) (internal citations omitted)(parenthetical in original);

  It is hereby ORDERED that:

  1. John Doe's motion to quash Malibu Media's subpoena is DENIED;

  2. John Doe's motion to dismiss is DENIED; and

  3. John Doe's motion to proceed anonymously is GRANTED.

          BY THE COURT:


          <u>/s/ Stewart Dalzell, J.</u>