IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MALIBU MEDIA, LLC | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JOHN DOE subscriber assigned | : | |
| IP address 69.249.253.94 | : | NO. 14-1280 |

ORDER

AND NOW, this 1st day of August 2014, upon consideration of plaintiff Malibu Media, LLC's ("Malibu") second motion for an extension of time within which to effect service (docket entry # 12) and its motion for leave to file an amended complaint under seal (docket entry # 14), and the Court finding that:

(a)  On February 28, 2014, Malibu filed suit against the John Doe subscriber assigned the IP address 69.249.253.94, alleging that defendant had persistently infringed Malibu's copyright[1] by illegally downloading its adult films without payment, Compl. ¶ 2;

(b)  As is its routine, Malibu also sought leave ex parte to serve a third-party subpoena on the defendant's internet service provider (ISP) in order to learn his identity;

(c)  On March 5, 2014, we granted Malibu's ex parte motion;

(d)  On April 3, 2014, the John Doe defendant filed motions to quash the subpoena and dismiss the complaint, which we denied, and an unopposed motion to remain anonymous, which we granted in our May 19, 2014 Order, see docket entries ## 6 and 9;

---

[1] Malibu Media's forensic investigation of the IP address at issue found that it had been "engaged in BitTorrent transactions associated with 755 files" in the relevant period. Mot. for subpoena, Ex. 4 at ¶ 17.

(e) On June 30, 2014, three weeks after it learned defendant's identity,[2] Malibu filed a motion seeking an extension to July 30, 2014 of Rule 4(m)'s prescribed 120-day period for service of process, see Fed. R. Civ. P. 4(m), which we granted on July 9, 2014;

(f) Now Malibu seeks a second extension of time within which to serve the now-identified defendant and also seeks leave to file an amended complaint under seal;

(g) Turning first to Malibu's second motion for an extension of time in which to serve defendant, Rule 4(m) provides in relevant part that

> If a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period[;]

(h) Because Malibu seeks to extend the time for service beyond the 120-day period specified by Rule 4(m), we must consider whether it has shown good cause for its failure to timely serve the defendant in the more than seven weeks during which Malibu knew his identity;

(i) Our Court of Appeals established a two-prong inquiry to determine whether an extension of time in which to serve should be granted: If good cause exists for the failure to have effected service in a timely manner, the extension must be granted, and "[i]f good cause has not been shown, . . . the court still may grant the extension in the sound exercise of its discretion," McCurdy v. American Board of Plastic Surgery, 157 F.3d 191, 196 (3d Cir. 1998) (internal citations omitted);

---

[2] Plaintiff erroneously states it received the ISP's response on June 8, 2013. See Mot. at ¶2.

(j) "The good cause determination under Rule 4(m) is equivalent to a determination of 'excusable neglect' under Rule 6(b)(2)," <u>Marinkovic v. Sinnot</u>, 2014 WL 1255886 at *6 (W.D.Pa. Mar. 26, 2014), and we must therefore consider whether there exists "a determination of good faith" by the party seeking the enlargement of time and "some reasonable basis for noncompliance," <u>id.</u> (internal citations omitted);

(k) Courts typically consider three factors in order to determine whether good cause exists: 1) reasonableness of a plaintiff's efforts to serve, (2) prejudice to the defendant by lack of timely service, and (3) whether plaintiff moved for an enlargement of time to serve, <u>see MCI Telecoms. Corp. v. Teleconcepts</u>, 71 F.3d 1086, 1097 (3d Cir. 1995);

(l) Our Court of Appeals has also held that courts evaluating whether good cause exists should focus primarily on the plaintiff's reason for failing to obtain timely service, <u>see</u> <u>id.</u>;

(m) We find that Malibu's failure to serve within the time we specified was not reasonable because it knew the defendant's identity for three weeks before the expiration of the Rule 4(m) period and offers no reason for its failure to serve him, and accordingly we find that Malibu has not shown good cause;

(n) However, we will exercise our discretion under <u>McCurdy</u> and grant Malibu a last extension to August 11, 2014 to serve the defendant, after which this matter will be dismissed without prejudice;

(o) As to Malibu's motion to file its amended complaint (naming the defendant) under seal, Local Rule 5.1.5(a) states that a document in a civil action may be filed under seal only if (1) the civil action is brought pursuant to a federal statute that prescribes the

sealing of the record or of certain specific documents; or (2) the Court orders the document sealed, <u>see</u> L. R. Civ. P. 5.1.5(a);

  (p) As our Court of Appeals teaches,

> The party seeking the closure of a hearing or the sealing of a transcript bears the burden of showing that the material is the kind of information that courts will protect and that there is good cause for the order to issue. Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity. The exception that is closest to this case is the protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm.

<u>Publicker Industries, Inc. v. Cohen</u>, 733 F.2d 1059, 1070-71 (3d Cir. 1984);

  (q) Malibu, the party seeking to seal a document, bears the burden of showing that the complaint is the kind of information that courts will protect and that there is good cause for the order to issue because disclosure will "work a clearly defined and serious injury," <u>id.</u>;

  (r) Malibu's motion states only that it seeks to file under seal "so that it may obtain a summons to serve on the [d]efendant while preserving [d]efendant's anonymity," Mot. at ¶5;[3]

  (s) Further, our sister courts have held that the risk of suffering embarrassment or humiliation does not place disclosure within the exceptional situations warranting anonymity, <u>see</u>, <u>e.g.</u>, <u>Malibu Media v. John Does 1-15</u>, 2012 WL 3517374 at *2 (E.D.Pa. Aug. 13, 2012) (Kelly, J.);

---

[3] <u>Malibu Media v. John Does 1-15</u>, 2012 WL 3517374 at *2 (E.D.Pa. Aug. 13, 2012) (holding that the risk of suffering embarrassment or humiliation does not place disclosure within the exceptional situations warranting anonymity).

    (t)  We also find upon reviewing this District's extensive docket of cases in which Malibu is the plaintiff that the defendant's anonymity has not proved to be an impediment to service, see, e.g., <u>Malibu Media, LLC v. John Doe Subscriber Assigned IP Address 72.94.193.123</u>, CV 14-1653-JCJ (in which a summons issued as to the John Doe defendant on July 23, 2014);  and

    (u)  We will therefore deny Malibu's motion to file its amended complaint under seal;

    It is hereby ORDERED that:

    1.  Malibu's motion for an extension of time in which to serve the defendant is GRANTED;

    2.  By noon on August 11, 2014, Malibu shall SERVE the John Doe defendant or we will dismiss this case without prejudice; and

    3.  Malibu's motion to file its amended complaint under seal is DENIED.

                  BY THE COURT:


                   <u>/s/ Stewart Dalzell, J.</u>